Taliaferro, J.
This is an action brought under the fourth section of the act of the Legislature approved twenty-fourth of February, 1869, entitled “An Act to provide for carrying into effect the one hundred and thirty second article of the constitution of the State.”
The plaintiff alleges that on the twentieth of January, 1871, in company with two of his friends, he called at the coffeehouse of the defendant, arid asked of the person in attendance to he furnished with refreshments, kept and sold here by the defendant, a duly licensed coffeehouse keeper; that he offered to pay the usual and customary price of such refreshments, and conducted himself in an orderly and respectfu lmanner; that notwithstanding, the accommodations asked for were refused, and that he was ordered to leave the house; that tills refusal and ill treatment arose from no other cause or reason than that the petitioner is a man of color, and on that account not to be furnished with the accommodations extended in that establishment to others. The plaintiff avers that from the indignity so wantonly offered to him his feelings have been greatly outraged, and for the illegal and unwarranted act of the defendant the plaintiff prays damages in the sum of ten thousand dollars.
The answer is a general denial. The case was tried before a jury, hut there was a disagreement and no verdict rendered. The court thereupon, under the provisions of act No. 23 of the Statutes of 1871, rendered a judgment for one thousand dollars in favor of the plaintiff and the defendant appealed. There are numerous bills of exceptions found in the record, but their examination is not important in determining this case. Six of them relate to the formation of and the judge’s charge to the jury; the other two relate to the admission of testimony and are not important.
There was no evidence introduced on the .part of the defendant.
All the material allegations of the plaintiff we consider fully established. The plaintiff is shown to be a man of character and respectibility; that he has frequently held public office, and that he is now *15 and was, at the time he was refused refreshments in the defendant’s coffeehouse or saloon, civil sheriff of the parisli of Orleans. It is clear that the refusal of the accommodations asked for was made solely on the ground that the plaintiff is a man of color. The defendant has therefore incurred the penalty of the act of 1869 — acts of 1869, p. 37.
We think the judgment of the lower court correct.
It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.